IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

DAVID ARLAN SIMPSON )
aka ARLON DAVID SIMPSON )
)
    Petitioner/Movant )
)
v. ) Case No.: 505CV 137
)
UNITED STATES OF AMERICA )
)
    Respondent. )

BRIEF
IN SUPPORT OF
MOTION PURSUANT TO
28 U.S. §2241(c)(3)

--ooOoo--

PAUL KASTNER, Warden, FCI Texarkana is the person with custody and control of the movant, but is not a party to the action, other than his official capacity.

## SUMMARY OF THE ARGUMENT

Mr. Simpson's Sixth Amendment rights were violated at sentencing when the District Court enhanced his sentence by making findings pursuant to a preponderance of the evidence standard. The maximum sentence authorized by law was increased by facts that were neither affirmatively admitted to by Mr. Simpson, nor proven to a jury beyond a reasonable doubt, pursuant to United States v. Booker, 125 S.Ct. 738 (2005). Without the Booker error in this case, Mr. Simpson's sentencing range pursuant to the guidelines would have been significantly lower than that which he received.

In addition, the district court committed plain error by applying the

1

sentencing guidelines in a mandatory manner. Had the district court been free to apply the guidelines in an advisory manner, Mr. Simpson can show a substantial likelihood that he would have received a reasonable sentence that was lower than the sentence rendered in this case. This constitutes error that affects Mr. Simpson's substantial rights, and error that seriously affects the fairness, integrity and public reputation of the judicial proceedings below. Therefore this court should sentence Mr. Simpson consistent with the findings in Booker.

## ARGUMENTS

### I.

**WHETHER THE UPWARD ADJUSTMENTS TO MR. SIMPSON'S BASE OFFENSE LEVEL(S) VIOLATED THE SIXTH AMENDMENT.**

The decision in **United States v. Booker, 125 S.Ct. 738(2005), applies to this case and requires resentencing pursuant to the new standards as established by Booker.**

The United States Supreme Court, in the case of United States vs. Booker, 125 S.Ct. 738 (2005), changed the landscape of federal sentencing by transforming the determinate sentencing scheme of the Federal Sentencing Guidelines, changing it from a mandatory application to one of advisory consideration. The court declared that, "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

To do otherwise violates the Sixth Amendment right to trial by jury. The court held that this principle was applicable to the sentencing guidelines as judges were mandated by statute to apply the guidelines, effectively making the guideline range applicable to the facts of a case the maximum authorized sentence. Id, at 750.

2

A separate majority then held that the language which required mandatory application of the guidelines was severable and, in effect, rendered the guidelines "advisory." Id. The guidelines are now to be considered along with the other factors present in 18 U.S.C. §3553(a) in determining the appropriate sentence in a given case.

While the Supreme Court further noted that the holdings in Booker must be applied "to all cases on direct review," at 769, the Courts of Appeal are divided as to how to reserve unpreserved jury-trial challenges to U.S. Sentencing Guidelines.

Notably, the Ninth Circuit, ruling in United States vs. Ameline (en banc) No. 02-30326 06/01/05 on rehearing in 400 F.3d 646, 76 CrL 367, ruled that most federal defendants who did not raise Sixth Amendment jury trial objections to their sentencing judges' reliance on judge-found facts to impose mandatory enhancements under the U.S. Sentencing Guidelines, will be entitled to remands in the wake of Booker.

The Sixth Circuit has shown that most defendants can demonstrate the prejudice required by **Rule 52(b)** by showing that mandatory sentencing enhancements were based on judge-found facts. See e.g. United States v. Oliver, 76 CrL 349 (6th Cir. 2005) and United States vs. Milan, 76 CrL 369 (6th Cir. 2005)

Mr. Simpson made no affirmative admissions relating to the sentencing enhancements. He challenges the district court's assessment of those enhancements however, alleging that the district court erred in finding by a preponderance of the evidence that the enhancements applied. This violated Mr. Simpson's right to trial by jury guaranteed by the Sixth Amendment, as well as denying him due process of law. Because of the burden of proof involved (preponderance of the evidence) Mr. Simpson did not challenge the enhancements. However, he does challenge the enhancements in that they were not pled (with the possible exception of §2G2.2(b)(5)) and proven in the indictment, and thus were not

found **beyond a reasonable doubt.** This violates the Sixth Amendment.

Mr. Simpson's substantial rights **were affected.** Without the error in this case, he would have had the following final offense levels (not including the three-point reduction for acceptance of responsibility, which was wrongfully denied) (3E1.1):

| COUNT | POINTS |
|---|---|
| Count 1 | 17 (+2) |
| Count 2 | 17 (+2) |
| Count 3 | 17 |
| Count 4 and 5 | 27 |

There were also enhancements for multiple-count adjustments, which amounts to double counting; all sentences were to run concurrently. He would have been subject to a guideline sentence of much less than the 153 months he received.

Given this sentencing differential, it would seriously affect the fairness, integrity and public reputation of the judicial proceedings to leave this error uncorrected. See e.g. United States v. Warren, 361 F.3d 1055, 1058-59 (8th Cir. 2004) (holding generally, when a trial court incorrectly applies the United States Sentencing Guidelines, as it did here, the fairness, integrity or public reputation of judicial proceedings is seriously affected.) (citing United States vs. Knight, 266 F.3d 203, 207-09 (3rd Cir. 2001)).

Because these enhancements were neither pled in the indictment nor proven beyond a reasonable doubt, Mr. Simpson's Sixth Amendment rights were violated, and this case should be resentenced.

II.

**THE DISTRICT COURT COMMITTED PLAIN ERROR BY APPLYING THE SENTENCING GUIDELINES IN A MANDATORY MANNER THAT VIOLATED THE LEGAL PRINCIPLES ANNOUNCED IN BLAKELY AND BOOKER.**

The district Court, in this case, understandably, followed the statutory

4

mandate in 18 U.S.C. §3553(b)(1) (then) requiring judges to sentence according to the sentencing guidelines. The district court, utilizing a preponderance of evidence standard, acted as fact-finder pursuant to the guidelines and increased the guidelines range from that which was applicable based only upon Mr. Simpson's admission, (e.g. specific offense characteristic §2G2.2(b)(5) - computer being used in the transmission of the material).

It is now clear that this was a legal error, as the Supreme Court has held that the guidelines, if applied in a mandatory fashion, without the benefit of jury findings or using a beyond a reasonable doubt standard, are unconstitutional. **Booker at 749,** see also Blakely vs. Washington, Id. (holding state determinate sentencing scheme violated the defendant's rights to have facts which raise the authorized maximum sentence found by a jury beyond a reasonable doubt.)

Mr. Simpson did not affirmatively object to the multiple sentencing enhancments in this case, in terms of a violation of the legal principles established in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) Blakely v. Washington, Id. or United States v. Booker, supra. This was due to the fact that neither Blakely nor Booker had yet been decided at the time of his sentencing.

Since Mr. Simpson's attorney did not file an appeal in the district court, the plain error doctrine will apply. See FED. R. CRIM. P. Rule 52(b) and United States vs. Olano, 507 U.S. 725, 732-35 (1993). There is a test concerning plain error review found in Olano at 732-6, as articulated in [United States v.] Johnson, 520 U.S. 461, 466-67, 117 S.Ct. 1544: before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public

5

reputation of judicial proceedings.

Mr. Simpson clearly satisfies the first two parts of the test.

The District Court, understandably, committed error under <u>Booker</u> when it applied the guidelines as mandatory. This error is "plain," that is, clear or obvious at this time." <u>United States vs. Pirani</u>, 406 F.3d 543, (8th Cir. 2005).

Mr. Simpson submits that the third and fourth prongs of the test, whether the error sustantially affects his substantial rights, and whether the error "seriously affects the fairness, integrity, or public reputation of the judicial proceedings," are also satisfied.

The district court did not make a determination as to whether a non-guideline sentence was appropriate. The inability of the court to do so affects Mr. Simpson's substantial right to a reasonable sentence, and seriously affects the fairness, integrity and public reputation of the judicial proceedings against him. Had the district court been able to consider a sentence outside the guidelines in conjunction with evidence presented, as well as with the post-Booker analysis of the sentencing factors of 18 U.S.C. §3553, there is a reasonable probability that Mr. Simpson would have received a more favorable sentence if the district court could have considered the U.S.S.G. as advisory rather than mandatory.

Obviously, removal of the enhancements from the judge-found final sentences, would reflect a considerably lower offense level (as on the chart).

## CONCLUSION

**WHEREFORE,** the court should call the case for removal of designated enhancements, and to re-sentence movant consistent with the Supreme Court's ruling in Booker, and for such and any other relief as the court finds appropriate

in the premises; granting his request and relieving him from that portion of his sentence found to be violative of the sentencing provisions of 18 U.S.C. §3553(b)(1) and §3742(e).

RESPECTFULLY SUBMITTED,

Date: 7-11-05

ARLON DAVID SIMPSON, Movant
**In propria persona**

Texarkana FCI
P.O. Box 7000
Texarkana TX   75505-7000

**STATE OF TEXAS      )**
                    **) ss.**
**COUNTY OF BOWIE    )**

### DECLARATION UNDER STATUTE

**COMES NOW** the petitioner/movant, Arlon David Simpson, and being duly warned under penalty of perjury for making any false statements, states that the foregoing brief in support of a motion under 28 U.S.C. §2241(c)(3) is true and correct, all being done pursuant to the declaration clause of 28 U.S.C. §1746(1).

Date: 7-11-05

ARLON DAVID SIMPSON

### NOTE

Petitioner notes for the record that he does not know if his arguments have been foreclosed by circuit precedent; if so, he preserves the issues here for argument and for future review, in light of the circuit splits on the aftermath of Booker.

7