In The United States District Court
For The Eastern District Of Texas
Texarkana Division

05 OCT -4 PM 2:57

TEXAS-EASTERN

BY_____

Arlon David Simpson )
    Petitioner )
 )
 )
VS )  Case No. <u>5:05cv137</u>
 )
 )
United States Of America )
    Respondent )

---

## Petitioners Responce To Respondant

Petitioner will show that 28. U.S.C. 2241 (c) (3) is the only means available to him. That all his remedies under 28 U.S.C. 2255 have been exhausted. Petitioner also contends he is only rising the duration of his sentence. As per U.S. v Booker 543 U.S. ___ decided Jan 12, 2005, not the validity or the legality of the sentence.

The petitioner will show that an 28 U.S.C. 2255 is inadequate and ineffective. That he has exhausted all his remedys under 28 U.S.C. 2255.

On July 29, 2002 petitioner filed a 28 U.S.C. 2255 in the U.S. District Court of the Western District of Tennessee cv.no:03-2594-d/v, cr, no: 00-20102-D. On Dec. 3, 2002 the petioner was denied his 28 U.S.C. 2255. Also denying petitioners certificate of appealability at which time the court dismissed the case.

At the time of the petitioners original 28 U.S.C. 2255 he could not of rised the U.S. v Booker, supra issue due to the fact the decision was not heard till Jan 12, 2005.

See Reyes-Revenna vs United states 243 F. 3d 893, 904 (5th cir. 2001), Lee V Wetzel Fed 878 inre: Davenport 147 F. 3d 605, 610-11 (7th Cir. 1998) Inre Dorsainvil 119 F. 3d, 245, 251-252 (3rd Cir 1997). Trietman Vs U.S. 124 F. 3d 361, 377 (2nd Cir. 1997)

Inre- Davenport 147, F, 3d 605 (1998) " If the section 2255 route is being barred to petitioner, section 2241 remains open to him, he can get all the relief he wants under that section". In the instant case the sentencing court increased the petitions punishment based on sentencing enhancements under the guidlines which were based on facts that were never admitted by the petitioner and such violated the 6th amendment right, see Booker I.D.

## Conclusion

Petitioner Arlon David Simpson asserts that he has exhausted his remedies under 2255, and therefore files under 28 U.S.C. 2241 (c) (3) his 135 month sentence is not his statutory maximum sentence as defined in Blekely V Washington, 542 U.S. 124 S. CT. 2531/2004 reaffirmed in the U.S. Vs Booker 542 U.S.- decided on Jan 12, 2005.

That the petitioner should be granted immediate release because his statatory maximum sentence has expired and further detention of the petitioner is unlawfull and in violation of the United States Constitution.

Wherefore the petitioner prays this court to grant him his request and correct his sentence and grant him immediate release from unlawfull custody, and any other relief that this court deems necessary and proper.

Respectfully submitted,

(Name) *David Simpson*

(Date) 9/30/05

## DECLARATION UNDER PENALTY OF PURJURY

The petitioner Arlon David Simpson declares under the penalty of purjury that he has allon the information contained herein and declares that it is true to the best of his ability pursuant to 28.U.S.C. 1746(1).

(Date) 9/30/05                                    (Sign) David Simpson

## CERTIFICATION OF SERVICE

The petioner Arlon David Simpson hearby certifies that he has caused copies of this action to be served on all interested parties by placing copies of same in the U.S. mail here at F.C.I. Texarkana, Texas.

(Date) 9/30/05                                    (Sign) David Simpson