IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ARLON DAVID SIMPSON, #17463076 | § | |
| VS. | § | CIVIL ACTION NO. 5:05cv137 |
| WARDEN DAVID G. JUSTICE | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATE MAGISTRATE JUDGE

Petitioner Arlon David Simpson, a prisoner confined at the FCI Texarkana, brings this petition for a writ of habeas corpus challenging the enhancement of his sentence, pursuant to 28 U.S.C. § 2241. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Petitioner asserts that he was convicted on February 6, 2001. Petitioner pled guilty in the Western District of Tennessee of interstate transportation of visual depictions of minors engaged in sexually explicit conduct, possession of items shipped in interstate commerce containing visual depictions of minors engaged in sexually explicit conduct, interstate travel with intent to engage in sexual acts with a minor, and attempting to entice a minor to engage in sexual activity. Petitioner was sentenced to a 135-month concurrent sentence with a three-year term of supervision.

Petitioner asserts that he did not appeal the conviction or sentence. *Petitioner's Brief* at 5. Petitioner asserts that on December 3, 2002, his 28 U.S.C. § 2255 motion was denied. *Petitioner's Reply* at 1.

1

## Petitioner's Claims

Petitioner asserts that the court based its enhancement of his sentence on facts not found by the jury and not contained in the indictment. Petitioner is now challenging his sentence pursuant to § 2241, as opposed to § 2255. A § 2241 proceeding attacks the manner in which a sentence is carried out. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), *cert. denied* 534 U.S. 1001. Petitioner challenges the sentence rather than the execution of his sentence.

An action under § 2241 which attacks a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Paden v. Guzik*, 275 F.3d 46, 46 (5th Cir. 2001); *Id*. Only the court for the district in which the petitioner is incarcerated has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

The savings clause represents only a limited exception. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2002). Cases in which the remedy under § 2255 is inadequate or ineffective are rare. *Pack*, 218 F.3d at 452. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Christopher*, 342 F.3d at 382; *Wesson v. United States Penitentiary Beaumont, Texas*, 305 F.3d 343, 347 (5th Cir. 2002), *cert. denied* 537 U.S. 1241 (2003). A petitioner's burden in demonstrating the inadequacy of the § 2255 remedy is stringent. *Christopher*, 342 F.3d at 382.

The following two factors must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted

of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Padilla*, 416 F.3d at 426; *Christopher*, 342 F.3d at 382.

Petitioner asserts that § 2255 provides an inadequate remedy because *United States v. Booker*, 125 S. Ct. 738 (2005), was decided after his § 2255 motion was denied, and that he is barred from pursuing a successive § 2255 motion. Petitioner is citing a change in law.

*United States v. Booker*, 125 S. Ct. 738 (2005) does not apply retroactively on collateral review for purposes of a successive § 2255 motion. *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Petitioner's direct appeal had terminated at the time that *Booker* was decided. Petitioner has not satisfied the requirements for showing that the remedy under § 2255 is inadequate or ineffective. Petitioner may not avail himself of section 2241 relief in this case. *See Pack*, 218 F.3d at 453.

A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id*. at 452. Consequently, this Court will construe this petition as a § 2255 motion.

A § 2255 motion must be filed in the sentencing court. *Id*. at 451. Only the court where the petitioner was convicted and sentenced has jurisdiction to hear a § 2255 motion. *Id*. at 452. If a petitioner files a § 2255 motion in a court other than where the petitioner was convicted and sentenced, then the court may dismiss the case. *Id*. at 454-55; *Gonzalez v. Miles*, 51 Fed. Appx. 483, 483 (5th Cir. Sept. 30, 2002). This dismissal should be with prejudice regarding the jurisdictional issue only, and without prejudice regarding all other issues. *Pack*, 218 F.3d at 454-55. This petition should be dismissed with prejudice for lack of jurisdiction and dismissed without prejudice regarding all other issues. *See Id*.

**Recommendation**

It is accordingly recommended that the petition be dismissed with prejudice for lack of jurisdiction and dismissed without prejudice regarding all other issues.

**Objections**

Within ten days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 6th day of October, 2005.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE